COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSHUA WAYNE STRACENER, | § | No. 08-10-00061-CR |
| Appellant, | § | Appeal from the |
| v. | § | 394th District Court |
| THE STATE OF TEXAS, | § | of Jeff Davis County, Texas |
| Appellee. | § | (TC# 738) |
| | § | |

## O P I N I O N

A jury convicted Appellant, Joshua Wayne Stracener, of sexual assault and assessed punishment at four years' imprisonment and a fine of $2,000. In a single issue on appeal, Appellant contends that the evidence presented was insufficient to support his conviction. We affirm.

### BACKGROUND

On November 27, 2008, Appellant sent a text message to Laurese Escobedo, asking if she wanted to "hang out" after she finished work at 10:30 p.m. Although Escobedo was friends with Appellant, she did not want him at her house. Consequently, Escobedo responded that she was too tired. Appellant asked again later, and Escobedo told him that she was just going to go home and go to bed.

When she later left work, Escobedo picked up her kids from her mom's house and went home. After putting her kids to bed, Escobedo started watching a movie when Appellant knocked on her door around 12 a.m. Appellant wanted to drink with her, but Escobedo refused. Appellant then entered her house and sat down on the couch in front of the televison. When Escobedo told him that she was going to bed in ten minutes, Appellant asked if he could stay until she fell asleep.

Escobedo "didn't think anything of it" since Appellant said he would leave.

Eventually, Escobedo fell asleep on the floor but was awakened when she realized that Appellant's hand was in her pants. Escobedo told Appellant to stop, but Appellant replied, "You know you want it." Appellant then moved on top of Escobedo and removed her pants despite Escobedo's attempts to stop him. After removing his pants, as well, Appellant penetrated her vagina with his penis. Escobedo struggled to get him off of her, but he was too strong. Appellant's forcefulness bruised Escobedo's legs and the left side of her rib cage. She cried and told him to stop four or five times, but Appellant kept penetrating her. Later, Appellant ejaculated on top of her shirt. He then got up and walked to the door. Appellant told Escobedo that he was sorry, thought she "wanted it," and tried to hug her. Escobedo pushed him away and told him to go home. It was 3 a.m.

Escobedo felt humiliated and embarrassed. She told her friend Rochelle Randall about the assault, and later sent a text message to Appellant to see if he would admit that he raped her. Appellant did. Three days later, she reported the rape to Deputy George Vickers. She also gave the Deputy the shirt she wore that night and Appellant's baseball cap, which he left at her residence. Escobedo was examined at the Big Bend Regional Medical Center, and the Sexual Assault Nurse Examiner (SANE) noted the bruising to Escobedo's legs and rib cage. However, no evidence was recovered as Escobedo bathed several times since the assault and washed the clothes that she was wearing that day.

After being informed of Escobedo's accusation, Appellant met with Texas Ranger Steven Rayburn at the sheriff's office. There, Appellant, who was not in custody or under arrest, gave a voluntary statement. In the statement, Appellant claimed that Escobedo voluntarily let him into her house to watch a movie with her. While watching the movie, Appellant stated that they laid on the

floor on their sides facing each other in front of the television. Appellant noted that when Escobedo complained of pain in her right shoulder, he started massaging it, but soon, the massage turned sexual, and the pair engaged in intercourse. However, five minutes into it, Escobedo told Appellant that she did not want to, and Appellant stopped with his penis still inside her. When Appellant asked if she wanted him to stop, Escobedo said that "she didn't want to." When he asked again, Escobedo said no, and they continued to have intercourse. A similar conversation occurred twice more. When they finished, Appellant thought Escobedo acted "weird" and asked if she wanted him to stay. According to Appellant, Escobedo said no, and Appellant left. Appellant also admitted, in the statement, to sending the text messages to Escobedo following the incident.

Weeks later, Appellant gave another statement wherein he stated that he believed Escobedo consented to sexual intercourse but acknowledged that he should have stopped the first time Escobedo stated that she did not want to do it. He then apologized for any pain and suffering his actions may have caused Escobedo.

## DISCUSSION

In his sole issue presented for our review, Appellant challenges the sufficiency of the evidence to support his conviction. He concedes in his brief that the evidence was legally sufficient; thus, Appellant focuses solely on whether the evidence was factually sufficient. However, the Texas Court of Criminal Appeals recently did away with any factual-sufficiency review, holding that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the legal-sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (stating that "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each

element of a criminal offense . . .").  As Appellant has already conceded that the evidence was legally sufficient under the *Jackson* standard, we do not address the merits of his factual-sufficiency challenge.  Appellant's sole issue is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

February 28, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)